JUDGE FORREST

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, ELSEVIER, INC., JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC., | **16 CV 9029** |
| Plaintiffs, | Case No. _____ |
| v. | [PROPOSED] **ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER AUTHORIZING ALTERNATE SERVICE** |
| DOES 1-11 d/b/a www.exambyte.com, www.testbank360.com, and www.testguild.com, | |
| Defendants. | |

## ORDER TO SHOW CAUSE

Plaintiffs McGraw-Hill Global Education Holdings, LLC, Elsevier, Inc., John Wiley & Sons, Inc., Cengage Learning, Inc., and Pearson Education, Inc. (collectively, "Plaintiffs") have moved *ex parte* against Defendants Does 1-11 d/b/a www.exambyte.com, www.testbank360.com, and www.testguild.com ("Defendants") for a temporary restraining order, expedited discovery order, order authorizing alternate service, and order to show cause for preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are reproducing, distributing, and selling unauthorized copies of Plaintiffs' copyrighted works as set forth in Plaintiffs' Complaint, the exclusive rights of which are owned or controlled by Plaintiffs.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, HEREBY FINDS:

A.    Plaintiffs are likely to succeed in showing that Defendants have infringed and are

continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants' reproduction, distribution, and sale of unauthorized copies of Plaintiffs' copyrighted works through:

      i.    Various websites, including those located at www.exambyte.com, www.testbank360.com, and www.testguild.com ("Defendants' Sites"); and

      ii.    The email address billing@exambyte.com ("Defendants' Email Address");

B.    The reproduction, distribution, and/or sale of unauthorized copies of Plaintiffs' copyrighted works will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered; and

C.    The harm to Plaintiffs from denial of the requested *ex parte* order outweighs the harm to Defendants' legitimate interests against granting such order.

Therefore, IT IS HEREBY ORDERED that Defendants Does 1-11 d/b/a www.exambyte.com, www.testbank360.com, and www.testguild.com shall appear on the 5th day of December 2016 at 10:00 a.m./p.m. in Courtroom 23B of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Foley Square, New York, New York, to show cause why an Order, pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. § 6201, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, in a manner substantially similar to the

relief provided in the Temporary Restraining Order below.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon the attorneys for Plaintiffs, by email to kerry@oandzlaw.com, by the 30TH day of _November_, 2016, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants by the 2 _l_ day of _December_, 2016.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Rule 64 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. § 6201, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1.      Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

a)      Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

b)      Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, or otherwise exploiting without authorization any of Plaintiffs' Works;

c)      Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, or otherwise exploit without authorization any of Plaintiffs'

Works; and

d)      Using, operating, maintaining, assisting, distributing, or supporting any
computer server, website, software, domain name, email address, social
media account, bank account, or payment processing system in connection
with the infringement of any of Plaintiffs' Works.

2.      Defendants, their officers, directors, agents, servants, representatives, employees,
successors, and assigns, and all those acting in concert or in participation with any of them, shall
not transfer ownership or control of the websites or domain names associated with Defendants'
Sites.

3.      Defendants, their officers, directors, agents, servants, representatives, employees,
successors, and assigns, and all those acting in concert or in participation with any of them, and
any banks, credit card companies, credit card processing agencies, merchant acquiring banks,
payment processing providers, and/or other financial service providers of Defendants, or any of
them, must, upon receiving actual notice of this Temporary Restraining Order, immediately
locate all accounts connected to any of Defendants or Defendants' Sites and immediately cease
transferring or disposing of any money or other assets residing in such accounts, cease allowing
such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from
such accounts pending further order of this Court.  This includes but is not limited to:

a)   any and all PayPal Inc. or other accounts associated with, or used to
process or receive payment for, to, or on behalf of any of Defendants or
Defendants' Sites and/or Defendants' Email Address (hereinafter,
"Payment Accounts");

b)   any and all bank accounts, credit card or debit accounts, or other financial

service accounts linked to or associated with any Payment Accounts; and

   c) any and all accounts with any financial institutions responsible for

processing or receiving payment for purchases that are associated with or

made in connection with Defendants or Defendants' Sites and/or

Defendants' Email Address.

IT IS FURTHER ORDERED that service of this Order to Show Cause and Temporary

Restraining Order and Plaintiffs' moving papers shall be made by email to Defendants' Email

Address within three (3) business days.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in

effect until the date for hearing on the Order to Show Cause set forth above, or such further date

as set by the Court.

IT IS FURTHER ORDERED that, within three (3) business days' written notice to the

Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for

the dissolution or modification of the provisions of this Temporary Restraining Order upon an

appropriate evidentiary showing by a Defendant.



IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of

$_____, by corporate surety bond, cash, credit card, or a certified or attorney's check.

### EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to take expedited discovery,

prior to a Rule 26(f) conference, is GRANTED.  Plaintiffs may issue Rule 45 subpoenas to

current and former third-party service providers of Defendants' Sites, including but not limited to

PayPal, Inc., GoDaddy.com, LLC, LaunchPad.com, Inc., Hostgator.com, CloudFlare, Inc., and

WebsiteWelcome.com, in order to determine Defendants' true names, aliases, current (and permanent) addresses, and email, and to identify Defendants' accounts used to receive, transfer, or send funds or payments in connection with their allegedly illegal activities, including any Payment Accounts used to process payments to, from, or on behalf of Defendants or any of Defendants' Sites; and such subpoena recipients shall produce any responsive records within ten (10) days of receiving actual notice of this Order.

## ALTERNATE SERVICE ORDER

IT IS HEREBY ORDERED that, sufficient cause having been shown, Plaintiffs' motion for an order authorizing alternate service is GRANTED, and service of process shall be made on Defendants pursuant Federal Rule of Civil Procedure 4(f)(3) by delivering electronic copies of this Order, the Summons, and Complaint to Defendants' Email Address: billing@exambyte.com.

IT IS FURTHER ORDERED that such alternate service shall be made ~~within three (3) business days of this Order.~~ *not later than 11/23/16 at 10 am. A certificate of service shall be filed on the docket the same day listing all email addresses to which service was made. (KBF)*

SO ORDERED this 21st day of ___November___, 2016.

_____
United States District Judge

*Also ordered*

*In addition, plaintiffs shall file all papers in support of this application on the public docket not later than 11/23/16 at 10 am.*

*(KBF)*